IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,               )
                                   )        No.  39252-0-III
                    Respondent,    )
                                   )
        v.                         )        UNPUBLISHED OPINION
                                   )
B.C.B.,                            )
                                   )
                    Appellant.     )

FEARING, C.J. — B.C.B. challenges her juvenile court disposition that included

chemical dependency treatment.  She contends that the juvenile court imposed a manifest

injustice sentence without first resolving whether a disposition within the standard range

adequately punished her and that the juvenile court erroneously considered her need for

treatment to support the disposition.  Because B.C.B.'s disposition has ended and the

Supreme Court has already addressed the principal issue on appeal, we decline to review

her assignment of error on grounds of mootness.

FACTS

The underlying facts behind B.C.B.'s prosecution involve shoplifting.  On May

26, 2022, at the age of sixteen, B.C.B. stole hard lemonade, vanilla whiskey, a prepared

salad, and two packets of dressing from a WinCo food store.  The facts do not indicate

whether B.C.B. was intoxicated at the time. At the direction of an older man who accompanied her, B.C.B. also placed bottled water in her bag.

PROCEDURE

The State of Washington charged B.C.B. with third degree theft and minor in possession of liquor. At B.C.B.'s August 23, 2022 disposition hearing, she acknowledged guilt in exchange for the court granting a deferred disposition. The juvenile court delayed imposition of a sentence for up to two years, during which time she would undergo community supervision.

On September 8, 2022, the State sought to revoke B.C.B.'s deferred disposition due to probation violations, which included failing to comply with curfew, failing to submit a urinalysis sample, and failing to report to her probation officer. At the close of the September 8 hearing, the juvenile court revoked probation, remanded B.C.B. to custody for at least twenty-five days, and ordered a chemical dependency evaluation. The court continued the hearing for the evaluation and for discussions between the prosecution and defense counsel. The later evaluation recommended chemical dependency treatment.

During B.C.B.'s September 29, 2022 continued disposition hearing, the State asked the juvenile court to sentence B.C.B. to twelve months of supervision, forty-eight hours of community service, ten days of detention, and inpatient treatment. The juvenile court sentenced B.C.B. to thirty days in detention, with credit for seventeen days served,

and one year of inpatient treatment known as a chemical dependency disposition alternative (CDCA) sentence. The juvenile court also ordered thirty to forty weeks in detention if B.C.B. failed to complete the twelve months of treatment.

The State and the juvenile court recognized that the order for inpatient treatment required a finding supporting a manifest injustice sentence. The juvenile court also acknowledged that it could not simply send B.C.B. to treatment based on her individual need for chemical dependency care. When sentencing B.C.B. on September 29, the juvenile court supported the treatment and a manifest injustice sentence based on B.C.B.'s substance abuse, need for treatment, resistance to treatment, community supervision violations, additional crimes, committing crimes with older men, denial of guilt, high risk to reoffend, lack of parental control, scholastic deficiencies, school absences, her own safety, and protection of society.

## LAW AND ANALYSIS

On appeal, B.C.B. argues that the superior court abused its discretion for two reasons when it imposed a manifest injustice disposition: (1) by imposing the sentence without finding that sentencing B.C.B. within the standard range would effectuate a manifest injustice and (2) by considering B.C.B.'s need for treatment.

B.C.B.'s sentence is now concluded. B.C.B. requests that this court consider her appeal despite its technical mootness. B.C.B. argues that this court should reach the merits because (1) the need for treatment does not support a juvenile court's manifest

3

injustice finding and relying on other factors to hide this overarching concern is a matter

of continuing and substantial public interest and (2) this issue will likely recur.  The State

takes no position on mootness.

This court typically dismisses an appeal if it is moot.  An appeal is moot when it

presents merely academic questions and when this court can no longer provide effective

relief.  *In re Detention of M.K.*, 168 Wn. App. 621, 625, 279 P.3d 897 (2012).  If an issue

presented is of continuing and substantial public importance, we may review an

otherwise moot case.  *In re Dependency of T.P.*, 12 Wn. App. 2d 538, 545, 458 P.3d 825

(2020).

In determining whether to review a moot appeal, this court considers (1) whether

the issue is of a public or private nature; (2) whether an authoritative determination is

desirable to provide future guidance to public officers; and (3) whether the issue is likely

to recur.  *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004).  We base

our decision in B.C.B.'s appeal on element two, which decreases the importance of the

other two constituents of the test.  We decline review of the assignment of error.

The issue on appeal holds both public and private importance.  The sentence was

private in nature because the juvenile court attended to the peculiar needs of B.C.B.  The

sentence was public in nature because the government sought to sentence and rehabilitate

a minor for purposes of the common good.

No. 39252-0-III
*State v. B.C.B.*

The high court has already addressed the issue of whether a juvenile's need for treatment can form the basis for a manifest injustice disposition and held that it cannot. *See State v. B.O.J.*, 194 Wn.2d 314, 449 P.3d 1006 (2019). We do not consider the issue likely to recur because the Washington Supreme Court has already issued a definitive ruling. Also, when B.C.B.'s disposition court analyzed other factors for the chemical dependency treatment portion of the sentence, the court did not covertly attempt to employ these other factors to mask its determination that B.C.B. needed chemical dependency help.

CONCLUSION

We dismiss B.C.B.'s appeal as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

5